UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

HARMEETINDER BASSI, M.D.,

                 Plaintiff,

    -against-

NEW YORK MEDICAL COLLEGE, PHELPS
MEMORIAL HOSPITAL ASSOCIATION d/b/a PHELPS
HOSPITAL, NORTHWELL HEALTH, INC., OPEN DOOR
FAMILY MEDICAL CENTER, INC. d/b/a OPEN DOOR
FAMILY MEDICAL GROUP, and SHANTIE
HARKISOON, M.D.,

                 Defendants.

------------------------------------------------------------------------x

19-CV-7542-NSR

**ANSWER TO COMPLAINT**

     DEFENDANTS PHELPS MEMORIAL HOSPITAL ASSOCIATION ("Phelps"), NORTHWELL HEALTH, INC. ("Northwell"), and SHANTIE HARKISOON, M.D. ("Dr. Harkisoon") by their attorneys, Collazo Florentino & Keil LLP, respectfully submit their Answer to the Complaint filed on August 12, 2019, by Harmeetinder Bassi, M.D. ("Plaintiff"). Phelps, Northwell, and Dr. Harkisoon respond to the numbered paragraphs in the Complaint as follows, and otherwise hereby deny each and every allegation in Plaintiff's Complaint that is not specifically admitted or otherwise responded to herein:

## NATURE OF ACTION

    1.    Deny the allegations in Paragraph 1 of the Complaint, except admit that Plaintiff was previously a medical resident in the Phelps Family Medicine Residency Program, and that, upon information and belief, Plaintiff is a practicing Sikh.

    2.    Deny the allegations in Paragraph 2 of the Complaint.

    3.    Deny the allegations in Paragraph 3 of the Complaint.

4.     Deny the allegations in Paragraph 4 of the Complaint, except admit that Plaintiff purports to bring this action for alleged discrimination and retaliation.

5.     Deny the allegations in Paragraph 5 of the Complaint, except admit that Plaintiff purports to seek the damages listed.

### JURISDICTION, VENUE, AND ADMINISTRATIVE EXHAUSTION

6.     No response to Paragraph 6 of the Complaint is required, as it sets forth legal conclusions.   Notwithstanding the foregoing, Phelps, Northwell, and Dr. Harkisoon do not challenge the Court's subject matter jurisdiction concerning this matter.

7.     No response to Paragraph 7 of the Complaint is required, as it sets forth legal conclusions.   Notwithstanding the foregoing, Phelps, Northwell, and Dr. Harkisoon do not challenge the propriety of Plaintiff's chosen venue.

8.     No response to Paragraph 8 of the Complaint is required, as it sets forth legal conclusions, except admit that Phelps and Northwell are located in, and Dr. Harkisoon resides in, the State of New York.  Notwithstanding the foregoing, Phelps, Northwell, and Dr. Harkisoon do not challenge the propriety of Plaintiff's chosen venue.

9.     Deny the allegations in Paragraph 9 of the Complaint, except admit that Plaintiff filed a Charge with the United States Equal Employment Opportunity Commission (EEOC) on January 31, 2018.

10.     Deny the allegations in Paragraph 10 of the Complaint, and aver that the EEOC issued Dr. Bassi Notices of Right to Sue against Phelps and Northwell on April 23, 2019, and that, upon information and belief, the EEOC issued revised Notices of Right to Sue against Phelps and Northwell dated May 14, 2019 after receiving a request from Plaintiff.

## PARTIES

11.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint.

12.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

13.     Admit the allegations in Paragraph 13 of the Complaint.

14.     Admit the allegations in Paragraph 14 of the Complaint.

15.     Admit the allegations in Paragraph 15 of the Complaint.

16.     Admit the allegations in Paragraph 16 of the Complaint.

17.     Admit the allegations in Paragraph 17 of the Complaint.

18.     Deny the allegations in Paragraph 18 of the Complaint, except admit that Northwell took over the academic sponsorship of the Program in July 2017.

19.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20.     Deny the allegations in Paragraph 20 of the Complaint, except admit that Program residents see patients at the Open Door clinic in Sleepy Hollow as well as at other Open Door locations.

21.      Deny the allegations in Paragraph 21 of the Complaint, except admit that the Program operates pursuant to an Affiliation Agreement and refer to the relevant documents for their terms and effects.

22.     Admit the allegations in Paragraph 22 of the Complaint.

23.     Admit the allegations in Paragraph 23 of the Complaint.

24.     Offer no response to the statement that NYMC, Northwell, Phelps, and Open Door are each "employers" under Title VII and NYSHRL as it calls for a legal conclusion to which no response is necessary, and deny the remaining allegations in Paragraph 24 of the Complaint.

25.     Offer no response to the statement that Dr. Harkisoon is an "employer" under the NYSHRL as it calls for a legal conclusion to which no response is necessary, and deny the remaining allegations in Paragraph 25 of the Complaint.

## FACTUAL ALLEGATIONS

26.     Admit, upon information and belief, that Dr. Bassi graduated from Aureus University School of Medicine, located in Aruba, in February 2014 with the degree of Doctor of Medicine, but deny knowledge and information sufficient to form a belief of the remainder of the allegations of Paragraph 26.

27.     Admit the allegations in Paragraph 27 of the Complaint except deny that the postgraduate-year ("PGY") began in fall 2014.

28.     Admit the allegations in Paragraph 28 of the Complaint, except aver that each PGY contains an additional "rotation" consisting of four weeks of vacation, scheduled in two installments.

29.     Admit the allegations in Paragraph 29 of the Complaint, except deny that the second and third-year residents' clinical responsibilities are always scheduled precisely as Plaintiff alleges.

30.     Deny the allegations in Paragraph 30 of the Complaint, except admit that residents must perform 30 vaginal deliveries and 10 cesarean births in addition to other requirements.

31.     Deny the allegations in Paragraph 31 of the Complaint, except admit that residents generally sit for practice exams and actual exams each year with the expectation that their scores will improve over the course of the residency.

32.     Deny the allegations in Paragraph 32, except admit that the Program is accredited by the Accreditation Council for Graduate Medical Education ("ACGME"), which promulgates guidelines for the administration of residency programs, including in family medicine.

33.     Deny the allegations in Paragraph 33, except admit that ACGME publishes guidelines and refer to those guidelines for their terms and effects.

34.     Admit the allegations in Paragraph 34 of the Complaint.

35.     Deny the allegations in Paragraph 35 of the Complaint, except admit that Dr. Harkisoon monitored Dr. Bassi's performance in the Program.

36.     Deny the allegations in Paragraph 36 of the Complaint, except admit that some of the rotations occurred at Phelps under the supervision of assigned attending physicians.

37.     Deny the allegations in Paragraph 37 of the Complaint, except admit that a Clinical Competency Committee ("CCC") composed of the Program Director and other faculty exists within the Program, and that the CCC compiles the residents' evaluations from their rotations as well as data such as patient volume, procedure logs, attendance records, and other metrics relevant to their completion of the Program.

## DR. BASSI'S EMPLOYMENT IN THE PROGRAM

38.     Admit the allegations in Paragraph 38 of the Complaint that Plaintiff was accepted into the first-year resident class beginning on July 1, 2014 pursuant to a contract dated March 25, 2014, and otherwise refer to the document for its terms and effects.

39.     Admit the allegations in Paragraph 39 of the Complaint.

40.     Deny the allegations in Paragraph 40 of the Complaint, except admit that the first four-week family medicine rotation included foundational training.

41.     Deny the allegations in Paragraph 41 of the Complaint, except admit that Plaintiff completed PGY-1 and received a renewal contract for the second year of his residency (i.e., PGY-2), which commenced July 1, 2015.

42.     Deny the allegations in Paragraph 42 of the Complaint.

43.     Admit the allegations in Paragraph 43 of the Complaint.

44.     Admit the allegations in Paragraph 44 of the Complaint, but aver that Plaintiff received a rating of "meets expectations" for being "[a]ble to manage multiple patients and prioritize their needs" in his January/February 2016 evaluation.

MISTREATMENT OF DR. BASSI AND TERMINATION OF EMPLOYMENT

45.     Deny the allegations in Paragraph 45 of the Complaint.

46.     Deny the allegations in Paragraph 46 of the Complaint.

47.     Deny the allegations in Paragraph 47 of the Complaint, except admit that Plaintiff did receive some positive evaluations from his rotations at the Hospital.

48.     Deny the allegations in Paragraph 48 of the Complaint.

49.     Deny knowledge and information sufficient to form a belief about the conversation between Dr. Bassi and Dr. Chattathil as alleged in Paragraph 49 of the Complaint.

50.     Deny that Dr. Chattathil was instructed to confront Dr. Bassi about his religious head covering and otherwise deny knowledge and information sufficient to form a belief about the conversation between Dr. Bassi and Dr. Chattathil as alleged in Paragraph 50 of the Complaint.

51.     Deny knowledge and information sufficient to form a belief about the conversation between Dr. Bassi and Dr. Chattathil as alleged in Paragraph 51 of the Complaint.

52.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint.

53.     Deny the allegations in Paragraph 53 of the Complaint, but admit that residents are allowed to sleep unless there is a patient emergency or when a patient needs to be admitted from the emergency room to the hospital.

54.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint.

55.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint.

56.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint.

57.     Deny the allegations in Paragraph 57 of the Complaint except admit, upon information and belief, that Dr. Bassi contacted the human resources department at both Phelps and Open Door.

58.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint.

59.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint.

60.     Admit the allegations in Paragraph 60 of the Complaint, except aver that Dr. Kilpatrick also attended this meeting.

61.     Deny the allegations in Paragraph 61 of the Complaint, except admit that Dr. Harkisoon apologized to Plaintiff for the misunderstanding.

62.     Deny the allegations in Paragraph 62 of the Complaint except admit that Dr. Harkisoon stated that she thought Dr. Bassi would be more comfortable having such a conversation with a peer.

63.     Deny the allegations in Paragraph 63 of the Complaint.

64.     Deny the allegations in Paragraph 64 of the Complaint.

65.     Deny the allegations of Paragraph 65 of the Complaint, but admit that Plaintiff was placed on remediation on or about February 12, 2016, and otherwise refer to the relevant documents for their terms and effects.

66.     Deny the allegations in Paragraph 66 of the Complaint except admit that remediation involved a performance improvement plan.

67.     Deny the allegations in Paragraph 67 of the Complaint.

68.     Deny knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 68 of the Complaint.

69.     Deny the allegations in Paragraph 69 of the Complaint.

70.     Deny the allegations in Paragraph 70 of the Complaint.

71.     Deny the allegations in Paragraph 71 of the Complaint, except admit that some of the patients Dr. Bassi encountered during his in-patient rotations were high-acuity cases involving traumas, intubations, and other invasive medical procedures.

72.     Admit that Dr. Bassi was sent a "Notice of Termination" on or about June 17, 2016, and otherwise refer to the Notice of Termination for its terms and effects.

73.     Refer to the relevant documents for their terms and effects in response to the allegations in Paragraph 73 of the Complaint.

74.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint, except admit, upon information and belief, that Plaintiff challenged the Notice of Termination.

75.     Deny the allegations in Paragraph 75 of the Complaint, except admit that the Appeals Committee was comprised of three doctors who worked at Phelps and were not considered part of the Program's core faculty.

76.     Deny the allegations in Paragraph 76 of the Complaint, except admit that on or about November 23, 2016, the Appeals Committee upheld the Clinical Competency Committee's decision and recommendation that Plaintiff repeat his PGY2 Year, and otherwise refer to the document for its terms and effects.

77.     Deny the allegations in Paragraph 77 of the Complaint, except admit that the CCC informed Plaintiff that it accepted the decision of the Appeal Committee for Plaintiff to repeat his PGY-2 year and further refer to the document for its terms and effects.

78.     Deny the allegations in Paragraph 78 of the Complaint.

79.     Deny the allegations in Paragraph 79 of the Complaint.

80.     Deny the allegations in Paragraph 80 of the Complaint, except admit that Plaintiff received the highest grade in the fall 2016 In-Training Examination among all the Program's residents.

81.     Deny the allegations in Paragraph 81 of the Complaint, except admit that Dr. Harkisoon met with Plaintiff to give him the opportunity to resign from the Program.

82.     Refer to the relevant document for its terms and effects in response to the allegations in Paragraph 82 of the Complaint.

83.     Deny the allegations in Paragraph 83 of the Complaint, except admit that Dr. Bassi challenged the Program's decision.

84.     Deny the allegations in Paragraph 84 of the Complaint, except admit that the Program afforded Dr. Bassi an opportunity to address the Clinical Competency Committee on or about May 19, 2017 and June 2, 2017.

85.     Admit the allegations in Paragraph 85 of the Complaint.

86.     Admit the allegations in Paragraph 86 of the Complaint, except aver that the letter was dated June 16, 2017.

### APPEALS COMMITTEE'S REVERSAL
### FOLLOWED BY CONSTRUCTIVE DISCHARGE FROM THE PROGRAM

87.     Admit the allegations in Paragraph 87 of the Complaint.

88.     Admit the allegation in Paragraph 88 that the Appeals Committee issued a decision dated August 9, 2017, and otherwise refer to the document for its terms and effects.

89.     Deny the allegations in Paragraph 89 of the Complaint and otherwise refer to the document for its terms and effects.

90.     Deny the allegations in Paragraph 90 of the Complaint, except admit that the Appeals Committee's decision was dated August 9, 207 and the Clinical Competency Committee (CCC) sent Plaintiff a memorandum regarding his reinstatement on August 30, 2017.

91.     Deny the allegations in Paragraph 91 of the Complaint, except admit that Plaintiff was reinstated as a PGY-2 and was placed on four months of probation with a probation plan.

92.     Refer to the document for its terms and effects in response to the allegations in Paragraph 92 of the Complaint.

93.     Admit the allegations in Paragraph 93 of the Complaint that Plaintiff sent a letter to the Program on September 8, 2017, and otherwise refer to the document for its terms and effects.

94.     Admit the allegations in Paragraph 94 of the Complaint that Dr. Karen Murray was the Chair of the Graduate Medical Education Committee and worked at Open Door and that Dr. Murry sent Plaintiff a letter dated September 13, 2017, and otherwise refer to the document for its terms and effects.

95.     Deny the allegations in Paragraph 95 of the Complaint.

96.     Deny the allegations in Paragraph 96 of the Complaint.

97.     Deny the allegations in Paragraph 97 of the Complaint.

98.     Deny the allegations in Paragraph 98 of the Complaint.

99.     Admit the allegations in Paragraph 99 of the Complaint that Plaintiff wrote to Dr. Murray in a letter dated October 6, 2017, and otherwise refer to the document for its terms and effects.

100.    Deny the allegations in Paragraph 100 of the Complaint.

101.    Deny the allegations in Paragraph 101 of the Complaint.

102.    Deny the allegations in Paragraph 102 of the Complaint.

103.    Deny the allegations in Paragraph 103 of the Complaint.

104.    Deny the allegations in Paragraph 104 of the Complaint.

105.    Deny the allegations in Paragraph 105 of the Complaint.

106.    Deny the allegations in Paragraph 106 of the Complaint.

107.    Deny the allegations in Paragraph 107 of the Complaint.

## CLAIMS FOR RELIEF AGAINST
## AGAINST ALL DEFENDANTS

### COUNT I:
### 42 U.S.C. § 1981 ("Civil Rights Act of 1866")

108.    Defendants repeat and reallege their answers and responses to Paragraphs 1 through 107 of the Complaint as if set forth in full herein in response to Paragraph 108 of the Complaint.

109.    Deny the allegations in Paragraph 109 of the Complaint.

110.    Deny the allegations in Paragraph 110 of the Complaint.

111.    Deny the allegations in Paragraph 111 of the Complaint.

112.    Deny the allegations in Paragraph 112 of the Complaint.

113.    Deny the allegations in Paragraph 113 of the Complaint.

### COUNT II:
### New York State Human Rights Law, N.Y. Executive Law § 290 *et seq.*

114.    Defendants repeat and reallege their answers and responses to Paragraphs 1 through 113 of the Complaint as if set forth in full herein in response to Paragraph 114 of the Complaint.

115.    Deny the allegations in Paragraph 115 of the Complaint.

116.    Deny the allegations in Paragraph 116 of the Complaint.

117.    Deny the allegations in Paragraph 117 of the Complaint.

118.    Deny the allegations in Paragraph 118 of the Complaint.

119.    Deny the allegations in Paragraph 119 of the Complaint.

120.    Deny the allegations in Paragraph 120 of the Complaint.

121.    Deny the allegations in Paragraph 121 of the Complaint.

**CLAIMS FOR RELIEF AGAINST**
**DEFENDANTS NYMC, PHELPS, NORTHWELL, AND OPEN DOOR**

**COUNT III:**
**Title VII—Religious Discrimination**

122.    Defendants repeat and reallege their answers and responses to Paragraphs 1 through 121 of the Complaint as if set forth in full herein in response to Paragraph 122 of the Complaint.

123.    Deny the allegations in Paragraph 123 of the Complaint.

124.    Deny the allegations in Paragraph 124 of the Complaint.

125.    Deny the allegations in Paragraph 125 of the Complaint.

126.    Deny the allegations in Paragraph 126 of the Complaint.

127.    Deny the allegations in Paragraph 127 of the Complaint.

**COUNT IV:**
**Title VII—Retaliation**

128.    Defendants repeat and reallege their answers and responses to Paragraphs 1 through 127 of the Complaint as if set forth in full herein in response to Paragraph 128 of the Complaint.

129.    Deny the allegations in Paragraph 129 of the Complaint.

130.    Deny the allegations in Paragraph 130 of the Complaint.

131.    Deny the allegations in Paragraph 131 of the Complaint.

132.    Deny the allegations in Paragraph 132 of the Complaint.

133.    Deny the allegations in Paragraph 133 of the Complaint.

**CLAIMS FOR RELIEF AGAINST**
**DEFENDANT SHANTIE HARKISOON, M.D.**

**COUNT V:**
**42 U.S.C. § 1981 ("Civil Rights Act of 1866")**

134.     Defendants repeat and reallege their answers and responses to Paragraphs 1 through 133 of the Complaint as if set forth in full herein in response to Paragraph 134 of the Complaint.

135.     Deny the allegations in Paragraph 135 of the Complaint.

136.     Deny the allegations in Paragraph 136 of the Complaint.

137.     Deny the allegations in Paragraph 137 of the Complaint.

138.     Deny the allegations in Paragraph 138 of the Complaint.

139.     Deny the allegations in Paragraph 139 of the Complaint.

140.     Deny the allegations in Paragraph 140 of the Complaint.

**COUNT VI:**
**Aiding and Abetting Discrimination on the Basis of Religion in Violation of**
**New York State Human Rights Law, N.Y. Executive Law § 290 *et seq.***

141.     Defendants repeat and reallege their answers and responses to Paragraphs 1 through 140 of the Complaint as if set forth in full herein in response to Paragraph 141 of the Complaint.

142.     Deny the allegations in Paragraph 142 of the Complaint.

143.     Deny the allegations in Paragraph 143 of the Complaint.

144.     Deny the allegations in Paragraph 144 of the Complaint.

145.     Deny the allegations in Paragraph 145 of the Complaint.

146.     Deny the allegations in Paragraph 146 of the Complaint.

147.     Deny the allegations in Paragraph 147 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny the allegations in the WHEREFORE clause of the Complaint, (a – h inclusive), and deny that Plaintiff is entitled to any relief demanded therein or any relief whatsoever.

## JURY DEMAND

Defendants offer no response to the demand for trial by jury as it does not contain factual allegations to which a response is required.

### AFFIRMATIVE DEFENSES

Without admitting any facts alleged by Plaintiff or conceding that Phelps, Northwell, and/or Dr. Harkisoon carry the burden of proof on any issue raised throughout this pleading or as to any of the issues listed below, Phelps, Northwell, and Dr. Harkisoon allege the following as separate and independent affirmative defenses to Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

148.    The Complaint fails to state a claim against Phelps, Northwell, and Dr. Harkisoon upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

149.    Plaintiff's claims for damages are barred by his failure to mitigate damages.

## THIRD AFFIRMATIVE DEFENSE

150.    Plaintiff is not entitled to punitive damages under the New York State Human Rights Law.

## FOURTH AFFIRMATIVE DEFENSE

151.    Actions taken with respect to Plaintiff's employment were taken due to Plaintiff's lack of adequate academic progress and other legitimate business and/or academic reasons

completely unrelated to Plaintiff's race, color, religion and/or purported engagement in protected activity.

## FIFTH AFFIRMATIVE DEFENSE

152.    Phelps, Northwell, and Dr. Harkisoon maintained and complied with appropriate policies, programs, and procedures for the prevention and detection of unlawful discriminatory practices and for the receipt of employee complaints of discrimination and/or harassment. Plaintiff failed to make use of those policies and procedures.

## SIXTH AFFIRMATIVE DEFENSE

153.    Phelps, Northwell, and Dr. Harkisoon acted reasonably and in good faith and with good cause, have made good faith efforts to comply with federal, state, and local law, and have not violated any right that may be claimed by Plaintiff under any federal, state, or local law, rule, ordinance, regulation, or guideline.

## SEVENTH AFFIRMATIVE DEFENSE

154.    The purported discriminatory conduct alleged by Plaintiff amounts to conduct that, assuming it occurred, would be considered petty slights and trivial inconveniences.

## EIGHTH AFFIRMATIVE DEFENSE

155.    Bassi's claim of Religious Discrimination under Title VII is untimely, as it is based on allegations from a time period more than 300 days before he filed a charge with the Equal Employment Opportunity Commission.

## NINTH AFFIRMATIVE DEFENSE

156.    Plaintiff cannot maintain an action against Dr. Harkisoon under N.Y. Executive Law § 296(1) to the extent that she is not his "employer" for purposes of the New York State Human Rights Law.

## TENTH AFFIRMATIVE DEFENSE

157.    Plaintiff's monetary claims are barred, in whole or in part, because Plaintiff voluntarily resigned from the residency program and has not suffered any injury or damages as a result of any actions alleged taken by Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

158.    Plaintiff is not entitled to equitable relief insofar as Plaintiff has adequate remedies at law and/or that the court lacks the institutional expertise to evaluate Plaintiff's academic or clinical performance.

## TWELFTH AFFIRMATIVE DEFENSE

159.    Plaintiff is not entitled to punitive damages under state or federal law because the actions and conduct of Defendants were at all times taken in good faith, with reasonable grounds for believing that the actions of omissions did not violate the law, and for legitimate and lawful business reasons.

## THIRTEENTH AFFIRMATIVE DEFENSE

73.    Plaintiff's Title VII claims are time-barred to the extent that they were not filed within ninety days of receipt of the EEOC's Notice of Right to Sue.

## RESERVATION OF DEFENSES

Phelps, Northwell, and Dr. Harkisoon have not knowingly or intentionally waived any applicable affirmative defense and reserve the right to assert and rely on such other applicable affirmative defenses as may become available or apparent as facts become known through discovery. Accordingly, Phelps, Northwell, and Dr. Harkisoon reserve the right to revise, modify, or supplement the foregoing and to raise additional affirmative defenses in the event discovery or further proceedings indicate that such defenses would be appropriate.

## <u>DEFENDANTS' PRAYER FOR RELIEF</u>

**WHEREFORE**, Phelps, Northwell, and Dr. Harkisoon respectfully request that judgment be entered in their favor dismissing this action in its entirety, awarding to defendants their fees and costs, including attorney fees, and such other relief as the Court may deem just and proper.

Dated:  New York, New York
        October 21, 2019

                           COLLAZO FLORENTINO & KEIL LLP

                   *John P Keil*

            By:_____
                  John P. Keil

             747 Third Avenue
             New York, NY 10017-2803
             (212) 758-7600
             (212) 758-7609 (fax)
            Attorneys for Defendants
            Northwell Health, Inc., Phelps
            Memorial Hospital Association, and
            Shantie Harkisoon, M.D.